

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

MADISON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | C | |
|     Respondent/Plaintiff | C | |
| v. | C | No. 13-cr-00052-BBC |
| | C | Copyrighted 2015 |
| Scott Bodley | C | Verified |
|     Petitioner/Defendant | C | |
| _____ | C | |

### Defendant's Objection to Government's Motion in Limine and to Government's Supplemental Motion and Move for Dismissal for Lack of Jurisdiction

Comes now Defendant and files this objection to Defendant's Motion in Limine to Preclude Illegal Cover-Up Defense and Supplement to that Motion.

In its Motion, the government has made conclusory statements, ignored critical facts and failed to cite case law. The government has attempted to ignore Facts and Law which are already Judicially noticed. The government and the court have both committed structural error, requiring immediate dismissal of this case.

The government does not deny that the cover-up exists. The government does not deny that the cover-up created violations of *Brady v. Maryland*, 373 U.S. 83 (1963), Bad Faith, and violations of the Clean Hands Doctrine. The government does not deny that the court is presumed to know the law or where to find it, and has thus committed structural

error in this case. The government does not deny that the government has committed structural error in this case.

The fact that prosecutors' office had to have 3 people answer a claim by a Pro se Petitioner is clear evidence that the prosecutors are willing to do anything to attempt to block Defendant from exercising Defendant's Constitutional rights, is further evidence of the validity of Defendant's claims.

### A. The Facts and Law Have Been Judicially Noticed in the Supreme Court andAre Judicially Noticed in This Case

#### 1. The Facts that Are Judicially Noticed

In case number 14-571 in the Supreme Court, *David Moleski v. the United States*, Judicial Notice was filed on December 30, 2014 and was un-opposed. Judicial notice is now taken in the Supreme Court and must be honored in the lower courts. The facts and law are judicially noticed in this case.

The following facts filed in the Supreme Court, are now judicially noticed in this court:

   a. 93Cong.Rec.5049: No record of any quorum exists during the May 12, 1947 voice vote on the H.R. 3190 Bill in the House of Representatives. A voice vote of 38 to 6 occurred with the req1uired Quorum to be 218 members.

   b. <u>Verified letter</u> from Jeff Trandahl, Clerk, U.S. House, 6/28/2000 to Charles R. Degan, "Dear Mr. Degan: Thank you for your letter requesting information on Title 18. In response to your inquiry, <u>Congress was in session on June 1, 3, 4, 7-12 and 14-19, 1948, however, Title 18 was not voted on at this time....</u>"

   c. <u>Verified letter</u> from Karen Haas, Clerk, U.S. House 8/30/2006: "<u>Yes, the Speaker of the House did sign bill HR 3190 in the absence of a quorum.</u>

d. <u>Verified letter</u> from Karen Haas, Clerk, U.S. House, 9/11/2006: "After conducting a thorough examination of the journals, <u>I found no entry in the journal of the House of any May 12, 1947 vote on the H.R. 3190 bill…. The Senate took no action</u> on the H.R. 3190 bill prior to the December 19, 1947 sine die adjournment. Page 5049 of the Congressional Record, 80th Congress, 1st Session indicates 44 Members voting 38 to 6 to amend H.R. 3190 on May 12, 1947. <u>Therefore, by counting the total yea and nay vote a quorum was not present. According to House Rules, when less than a majority of a quorum votes to pass a bill, the journal must show the names of Members present but not voting. I found no record of any names for the May 12, 1947 vote….</u>"

e. <u>Verified letter</u> from Nancy Erickson, Secretary of the Senate, "….Thank you for your recent letter requesting confirmation on the status of H.R. 3190 from the 80th Congress. I asked the Senate Historian's office to review the correspondence you enclosed, and they were able to verify that <u>no action was taken by the Senate on H.R. 3190 prior to the December 19, 1947 *sine die* adjournment.</u>

f. <u>Verified letter</u> from Lorraine Miller, Clerk, dated August 24, 2010: "Thank you for contacting the Office of the Clerk. Our office has conducted research of the House Journal and the Congressional Record in regards to HR 3190 and the voice vote that was taken on May 12, 1947. <u>After researching these official proceedings of the US House of Representatives we have been unable to find the names of the 44 Members who responded to the voice vote….</u> This letter is in the Clerk's Library.

g. <u>Independently verified</u> Memorandum from Harley G. Lappin: "From: 'Harley G. Lappin' <Harley.lappin@usdoj.gov. Sent: Monday, July 27, 2009 3:17 PM. Logo for U.S. Department of Justice.

"Attention all Department Heads, there has been a large volume of inmate Requests for Administrative Remedies questioning the validity of the Bureau's authority to hold or classify them under 18 U.S.C. §§ 4081, et seq., (1948). On the claim that Public Law 80-772 was never passed or signed in the presence of a Quorum or Majority of both Houses of Congress as required by Article I, § 5, Clause 1 of the Constitution. Although most courts have, thus far, relief on Field v. Clark, 143 U.S. 649 (1892) to avoid ruling on the merits of these claims, however, there have been some which have stated that they were not bound by the Field case, but these cases did not involve any Quorum Clause challenge. So out of an abundance of caution, I contacted the <u>Office of Legal Counsel, the National Archives</u> and the <u>Clerk of the House of Representatives</u> to learn that

there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong.Rec. 5049), and the record is not clear as to whether there is was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress. There is only one Supreme Court case that says in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum. See *United States v. Balin, Joseph & Co.*, 144 U.S. 1, 3 (1892). The Clerk of the House states that the May 12, 1947 vote was a '*voice vote*.' Bu the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum. On May 12, 1947, a presence of 218 Members in the hall of the House was required to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal. It appears that the 1909 version of the Federal Criminal Code has never been repealed. Therefore, in essence, our only true authority is derived from the 1948 predecessor to Public Law 80-772. "Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory," according to the Supreme Court in the case of *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 215 (1994). Therefore, the Bureau under the advice of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Request by stating that only the Congress or courts can repeal or declare a federal statute unconstitutional. Signature. Harley G. Lappin. Director, Federal Bureau of Prisons."

2. **The Law That is Judicially Noticed**

   a. *United States v. Ballin, Joseph & Co.*, 144 U.S. 1, 3 (1892)((in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum).

   b. Article I, Section 5, Clause 1 of the Constitution: "Each House shall be the judge of the elections, returns and qualifications of its own members, and a majority of each shall constitute a quorum to do business; but a smaller number may adjourn from day to day, and may be authorized to compel the attendance of absent members, in such manner, and under such penalties as each House may provide.

   c. *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997)("it is this Court's prerogative alone to overrule its own precedent).

   d. *Carol Ann Bond v. United States*, 131 S.Ct. 2355 (2011), Ginsberg, concurring opinion.

JUSTICE GINSBURG, with whom JUSTICE BREYER joins,

concurring.

"I join the Court's opinion and write separately to make the following observation. Bond, like any other defendant, has a personal right not to be convicted under a constitutionally invalid law. See Fallon, As-Applied and Facial Challenges and Third-Party Standing, 113 Harv. L. Rev. 1321, 1331–1333 (2000); Monaghan, Overbreadth, 1981 Sup. Ct. Rev. 1, 3. See also North Carolina v. Pearce, 395 U. S. 711, 739 (1969) (Black, J., concurring in part and dissenting in part) ("Due process . . . is a guarantee that a man should be tried and convicted only in accordance with valid laws of the land.").

In this case, Bond argues that the statute under which she was charged, 18 U. S. C. §229, exceeds Congress' enumerated powers and violates the Tenth Amendment. Other defendants might assert that a law exceeds Congress' power because it violates the Ex Post Facto Clause, or the Establishment Clause, or the Due Process Clause. Whatever the claim, success on the merits would require reversal of the conviction. "An offence created by [an unconstitutional law]," the Court has held, "is not a crime." Ex parte Siebold, 100 U. S. 371, 376 (1880). "A conviction under [such a law] is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment." Id., at 376–377. If a law is invalid as applied to the criminal defendant's conduct, the defendant is entitled to go free.

For this reason, a court has no "prudential" license to decline to consider whether the statute under which the defendant has been charged lacks constitutional application to her conduct. And that is so even where the constitutional provision that would render the conviction void is directed at protecting a party not before the Court. Our decisions concerning criminal laws infected with discrimination are illustrative. The Court must entertain the objection—and reverse the conviction—even if the right to equal treatment resides in someone other than the defendant. See Eisenstadt v. Baird, 405 U. S. 438, 452–455 (1972) (reversing conviction for distributing contraceptives because the law banning distribution violated the recipient's right to equal protection); cf. Craig v. Boren, 429 U. S. 190, 192, 210, and n. 24 (1976) (law penalizing sale of beer to males but not females aged 18 to 20 could not be enforced against vendor). See also Grayned v. City of Rockford, 408 U. S. 104, 107, n. 2 (1972); Welsh v. United States, 398 U. S. 333, 361–362 (1970) (Harlan, J., concurring in result) (reversal required even if, going forward, Congress would cure the unequal treatment by extending rather than invalidating the criminal proscription).

In short, a law "beyond the power of Congress," for any reason, is "no law at all." *Nigro v. United States*, 276 U. S. 332, 341 (1928). The validity of Bond's conviction depends upon whether the Constitution permits Congress to enact §229. Her claim that it does not must be considered and decided on the merits."

### 3. Judicial Notice of the Facts and Law Must Be Presented to the Jury

Judicial notice of facts and law must both be taken as judicial notice of facts.

Judicial notice is the highest form of evidence. Since the jury is entitled to judicial notice of all facts in the case, See FRE 201, the court nor prosecutor has any authority to prevent presentation of the facts to the jury.

Petitioner is also entitled to have judicial notice taken of the law of the case. The law is a fact and the court is presumed to know the law or where to find it. See *United States v. Rivero*, 532 F.2d 450 (5th Cir. 1976). A matter of law may be judicially noticed as a matter of fact, that is, the court can look to the law not as a rule governing the case before it, but as a social fact with evidentiary consequences. *City of Wichita v. U.S. Gypsum Co.*, 72 F.3d 1491, 1496 10th Cir. 1996). A refusal of the Court or prosecutor to judicially notice the facts and law of the case would be a violation of Due Process and require immediate dismissal of the case.

### B. The Government Violates the Pro Se Rule

*Pro se* legal representation means advocating on one's own behalf before a court, rather than being represented by a lawyer. This may occur in any court proceeding, whether one is the <u>defendant</u> or <u>plaintiff</u> in <u>civil</u> cases, and when one is a defendant in criminal cases. *Pro se* is a <u>Latin</u> phrase meaning "for oneself" or "on one's own behalf". This status is sometimes known as *propria persona* (abbreviated to "pro per"). In <u>England and Wales</u> the comparable status is that of "<u>litigant in person</u>".

In the <u>United States</u>, many <u>state court</u> systems and the <u>federal courts</u> are experiencing an increasing proportion of *pro se* litigants. According to the National Center

for State Courts 2006 report, estimates of the pro se rate of family law overall averaged 67% in California, 73% in Florida's large counties, and 70% in some Wisconsin counties.[1] In the U.S. Federal Court system for the year 2010 approximately 26% of actions filed, 93% of prisoner petitions and 10.5% of non-prisoner petitions were filed by *pro se* litigants. Defendants in political trials tend to participate in the proceedings more than defendants in non-political cases, as they may have greater ability to depart from courtroom norms to speak to political and moral issues.

The right of a party to a legal action to represent his or her own cause has long been recognized in the United States, and even predates the ratification of the Constitution.

The Supreme Court noted that "[i]n the federal courts, the right of self-representation has been protected by statute since the beginnings of our Nation. Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of counsel.'"

In *Faretta v. California*, 422 U.S. 806 (1975), the Supreme Court of the United States held that criminal defendants have a constitutional right to refuse counsel and represent themselves in state criminal proceedings.

The U.S. Judiciary Act, the Code of Conduct for United States Judges, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Federal Rules of

Evidence and the Federal Rules of Appellate Procedure address the rights of the self-represented litigant in several places.

Section 1654 of title 28 of the United States Code provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

As established by Defendant's filings, the government violated the pro se rule delegated by the Supreme Court. When the government violated the pro se rule they violated Due Process, requiring dismissal of the case.

### C. The Court Abused its Discretion, Requiring Dismissal of the Case

Abuse of Discretion is "1. An adjudicator's failure to exercise sound, reasonable and legal decision making. 2. An appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, or illegal." Black's Law Dictionary, Second Pocket Edition, 2001.

A district court by definition abuses its discretion when it makes an error of law. *Koon v. U.S.* 518 U.S. 81, 100 (1996). In this case, numerous errors of law have been made by the court.

The court abused its discretion when it was presented clear legal evidence that No jurisdiction exists and that the indictment is invalid as a matter of law since it was issued under the wrong statute.

**The court abused its discretion when it allowed the violations of Due Process by the government.**

**The court abused its discretion when it tried to overturn Supreme Court precedent.**

**The court abused its discretion when it allowed structural error in this case.**

**The court abused its discretion when it violated its oath of office.**

### D. As Shown Herein, the Court and Prosecutor Committed Structural Error, Requiring Dismissal of the Case

#### 1. Law Related to Structural Error

In conducting harmless error analysis of constitutional violations in direct appeal and habeas corpus cases, the Court repeatedly has reaffirmed that "[s]ome constitutional violations ....by their very nature cast so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless." *Satterwhite v. Texas*, 486 U.S. 249, 256 (1988); accord *Neder v. United States*, 527 U.S. 1, 7 (1999) ("[W]e have recognized a limited class of fundamental constitutional errors that 'defy analysis by "harmless error" standards'...Errors of this type are so intrinsically harmful as to require automatic reversal (i.e., 'affect substantial rights') without regard to their effect on the outcome."); *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993) ("Although most constitutional errors have been held to harmless-error analysis, some will always invalidate the conviction." (citations omitted)); id at 283 (Rehnquist, C.J., concurring); *United States v. Olano*, 507 U.S. 725, 735 (1993); *Rose v. Clark*, 478 U.S. 570, 577-78 (1986) ("some constitutional errors require reversal without regard to the evidence in the particular case...[because they] render a trial fundamentally unfair"); *Vasquez v. Hillary*, 474 U.S. 254, 263-264 (1986); *Chapman v. California*, 386 U.S. 18, 23 (1967) ("there are some

constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error").

### 2. Law Related to Structural Error for Judicial Bias

Included in the definition of structural errors, is the right to an impartial judge, i.e., the right to a judge who follows the Constitution and Supreme Court precedent and upholds the oath of office. See, e.g., *Neder v. United States*, supra, 527 U.S. at 8 ("biased trial judge" is 'structural [error],' and thus [is] subject to automatic reversal"); *Edwards v. Balisok*, 520 U.S. 641, 647 (1997) ("A criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him."); *Johnson v. United States*, 520 U.S. 461, 469 (1997); *Sullivan v. Louisiana*, 508 U.S. at 279; *Rose v. Clark*, 478 U.S. 570, 577-78 (1986); *Tunney v. Ohio*, 273 U.S. 510, 523 (1927).

The court committed structural error by acting as a second prosecutor in the case, violating 28 USC §§ 453, 454, and 455, violating the Rule of Stare Decisis, and proceeding in a case when a RICO claim had been filed against the judge and prosecutor.

### 3. Law Related to Structural Error for Prosecutorial Misconduct

Included in those rights is the protection against prosecutorial suppression of exculpatory evidence and other prosecutorial and judicial failures to make "material" evidence or witnesses available to the defense at trial, when "materiality" is defined as at least a "'reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Kyles v. Whitley*, 514 U.S. at 435 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985) (plurality opinion); id at 685

(White, J., concurring in judgment)). In addition to *Bagley*, which addresses claims of prosecutorial suppression of evidence, the decisions listed below – all arising in "what might loosely be called the area of constitutionally guaranteed access to evidence,'" *Arizona v. Youngblood*, 488 U.S. 51, 55 (1988) (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)) – require proof of "materiality" or prejudice. The standard of materiality adopted in each case is not always clear. But if that standard requires at least a "reasonable probability" of a different outcome, its satisfaction also automatically satisfies the Brecht harmless error rule. See, e.g., *Arizona v. Youngblood*, supra at 55 (recognizing due process violation based on state's loss or destruction before trial of material evidence); *Pennsylvania v. Ritchie*, 480 U.S. 39, 57-58 (1987) (recognizing due process violation based on state agency's refusal to turn over material social services records; "information is "material" if it "probably would have changed the outcome of his trial" (citing *United States v. Bagley*, supra at 682 (plurality opinion); id at 685 (White, J., concurring in judgment)); *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985) (denial of access by indigent defendant to expert psychiatrist violates Due Process clause when defendant's mental condition is 'significant factor' at guilt-innocence or capital sentencing phase of trial); *California v. Trombetta*, 467 U.S. 479, 489-90 (1984) (destruction of breath samples might violate Due Process Clause if there were more than slim chance that evidence would effect outcome of trial and if there were no alternative means of demonstrating innocence); *United States v. Valenzuela-Bernal*, supra at 873-874 ("As in other cases concerning the loss [by state or government] of material evidence, sanctions will be warranted for deportation of alien witnesses only if there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact."); *Chambers v. Mississippi*, 40 U.S. 284, 302 (1973)

(evidentiary rulings depriving defendant of access to evidence "critical to [his] defense" violates "traditional and fundamental standards of due process"); *Washington v. Texas*, 388 U.S. 14, 16 (1967) (violation of Compulsory Process Clause when court arbitrarily deprived defendant of "testimony [that]j would have been relevant and material, and .... vital to the defense").

In this case, the prosecutors are required to follow the law and Defendant's Constitutional rights. As established herein, the prosecutors' intentionally covered up material evidence in order to obtain an illegal conviction.

### C. The U.S. Attorneys' Conflict of Interests, Require Dismissal of the Case

The prosecutors in this case has continued in this case even though civil and Criminal claims now exist against the judge and prosecutors. Civil Rico claims now exist against the opposing parties. Yet, the prosecutors continue, despite having a conflict of interest.

#### The Serious RICO Claims

1. The *Civil* RICO statute at 18 U.S.C. 1964 expressly authorizes civil remedies, in addition to any criminal remedies that also exist to prosecute organized crime.

2. State courts have original jurisdiction to enforce the Civil RICO statute at 18 U.S.C. 1964. See Tafflin v. Levitt and Lou v. Belzberg, Rice v. Janovich and Village at Camelback v. Carr.

3. The Civil Case Cover Sheet for the Superior Court of California shows "RICO" as a standard case category.

4. A pattern of racketeering is expressly defined to mean only two (2) RICO "predicate acts" during any given 10-year period. See 18 U.S.C. 1961(5).

5.  The federal statute at 18 U.S.C. 1961 itemizes all RICO predicate acts. The most common are mail fraud, extortion, obstruction of justice, obstruction of a criminal investigation, and witness tampering or retaliation.

6.  Violations of State *and* federal laws both qualify as RICO predicate acts. 18 U.S.C. 1961(1)(B) itemizes a long list of federal offenses that qualify as predicate acts.

7.  Any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, obscene matter, controlled substances or extortion is also a RICO predicate act, if it is chargeable under State law and punishable by imprisonment for more than one year. See 18 U.S.C. 1961(1)(A).

8.  The Supremacy Clause in the U.S. Constitution elevates all RICO statutes to the status of supreme Law, and resolves any conflicts with State laws in favor of the RICO statutes. Whenever conflicts occur, State laws and State constitutional provisions have no standing ("*notwithstanding*").

9.  Congress intended the RICO statutes to be *liberally* construed. See 84 Stat. 947, Sec. 904, Oct. 15, 1970. However, this liberal construction rule was never codified *anywhere* in Title 18 of the U.S. Code, even though Title 18 *has* been enacted into positive law by Act of Congress.

10. A specific Congressional objective is encouraging civil litigation to supplement government efforts to deter and penalize the practices prohibited by the RICO statutes.

11. Another objective of Civil RICO is to turn victims into prosecutors, "private attorneys general", dedicated to eliminating racketeering activity. See Rotella v. Wood.

12. Civil RICO specifically has a further purpose of encouraging potential private plaintiffs to *investigate* diligently. Rotella v. Wood.

13. Organized crime is a serious national problem for which public prosecutorial resources are deemed inadequate. See Agency Holding Corp. v. Malley-Duff & Associates.

14. Civil RICO authorizes triple damages (3x) to be awarded to successful private plaintiffs. See 18 U.S.C. 1964(c).

15. The provision for triple damages is justified by the expected benefit of suppressing racketeering activity, an object pursued the sooner the better. Rotella v. Wood.

16. The "*private attorney general*" concept holds that a successful private party plaintiff is also entitled to recovery of his legal expenses, including attorney fees, if he has

advanced the policy inherent in public interest legislation on behalf of a significant class of persons. <u>Dasher v. Housing Authority of City of Atlanta</u>.

17. A private attorney general may appear in court without the license to practice law that is required of all State Bar members. See sections <u>6067</u> and <u>6068</u> of the California Business and Professions Code.

18. A private attorney general may appear in court "*ex rel.*" on behalf of the "United States" (*i.e.* the federal government), the State of California, the People of California or the People of the United States of America. Confer at "*Ex relatione*" in <u>Black's Law Dictionary</u>, Sixth Edition.

19. Civil RICO statutes are supplemented by 2 <u>Human Rights Treaties</u> — the <u>Universal Declaration of Human Rights</u> and the <u>International Covenant on Civil and Political Rights</u> — both of which are rendered supreme Law by virtue of the <u>Supremacy Clause</u> (just like the <u>Bill of Rights</u>).

20. The latter Covenant's <u>Reservations</u> enacted by Congress expressly reserve original jurisdiction to State and local governments, to the end that their competent authorities may take appropriate measures for the fulfillment of the Covenant.

### Defendant is Working for the Government

Defendant is a Private Attorney General that is Reporting Crimes by Government Officials. As such, Defendant has a Public Authority Defense pursuant to FRCrimP 12.3. Defendant is notifying the court and Prosecutors that Defendant is invoking that defense and appearing as a Private Attorney General.

Prosecutors have committed further crimes in their recent actions, which will be added to Defendant's criminal complaints against the Prosecutors.

### D. Specific Objections

Because Defendant has filed criminal complaints for the cover up by the Prosecutors, Defendant has established on the record violations of criminal and civil law, as

established herein and Defendant is a private attorney general prosecuting organized crime against the Department of Justice, Defendant moves for immediate dismissal of his case.

Respectfully submitted,

/S/ Scott Bodley

Respectfully submitted: Date: ~~Monday~~ Wednesday, January ~~19~~ 28, 2015

## JURAT

Pursuant to 28 U.S.C. § 1746, I certify under the penalty of perjury that the facts stated herein are true and correct.

By: /S/ Scott Bodley

Emailed for efiling electronically to Christopher W. Duren, chris@durenlawoffice.com, CWDuren@aol.com: Chris Duren-Stand By Attorney Bar number 1028182 on, Wednesday, January 28, 2015

On the 28th day of January 2015, a true and correct copy of the foregoing was served by U.S. first class mail on:

Dan Graber, Unted States Attorney's Office-Western District of Wisconsin, 660 West Washington Avenue, Suite 200, P.O. Box 1585, Madison, WI 53703-4703, (608) 264-5158

Peter Oppeneer-Clerk of Courts/Magistrate Judge, United States District Court-Western District of Wisconsin, 120 N. Henry Street, Room 320, P.O. Box 432, Madison, WI 53703-2559