IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | ORDER |
| Plaintiff, | |
| | 13-cr-52-bbc |
| v. | |
| SCOTT BODLEY, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Scott Bodley was found guilty by a jury of 26 counts of attempting to obstruct the administration of the internal revenue laws in various ways. He represented himself at trial, but for a short time he accepted the appointment of counsel for his appeal. While represented by counsel he filed a number of requests for documents on his own behalf, all of which were denied because counsel had been appointed to represent him and counsel had advised the court of appeals that he had all of the documents he needed to prepare the appeal.

On January 14, 2016, the court of appeals granted defendant's counsel's motion for leave to withdraw as counsel for defendant and allowed defendant to proceed pro se. At that point, defendant renewed his requests for copies of documents that he thinks would be helpful to that appeal. In an order entered on February 4, 2016, the court of appeals advised defendant to file a new request for documents with this court, and, if he wished, a new

1

motion to modify the record on appeal. The court of appeals instructed defendant to

1. Request only documents that he needs in order to present his arguments;

2. Identify those documents with as much specificity as possible; and

3. Explain why he needs the documents to litigate his appeal.

In light of this order, I will take up only those motions that defendant has filed with the court since the court of appeals' order. The first of these is his motion, dkt. #237, for a copy of the transcripts for (1) the grand jury and Jencks Act material for the period April 2013 to May 2013; (2) for the voir dire and for the instructions to the jury; and (3) for Daubert hearings and "hearings on motion."

Defendant has not explained why he needs a copy of the grand jury proceedings or why he is entitled to have them. Access to grand jury materials is tightly regulated under the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." United States v. Procter & Gamble, 356 U.S. 677, 681 (1958). "[O]ne seeking disclosure of grand jury proceedings must demonstrate more than relevance; he must show necessity to prevent injustice." Hernly v. United States, 832 F.2d 980, 983 (7th Cir. 1987). Under Fed. R. Crim. P. 6(e)(3)(E)(ii), a court may authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Defendant did not ask for disclosure of grand jury materials before trial and it is too late for him to seek to dismiss the indictment and he has shown no reason why disclosure of these records at this time would prevent injustice. Accordingly, I will deny this aspect of his document request.

Defendant has not explained what he is seeking when he asks for "transcripts" in connection with the Jencks Act. He was entitled at trial to have the government produce any pretrial statement of any witness that related to the witness's trial testimony once the witness had testified. 18 U.S.C. § 3500(b). It is the practice of the United States Attorney in this district to make defendants aware in advance of trial of any pretrial statements intended for use at trial. Defendant has not said that he was not given copies of witness statements in advance; in any event, I am not aware of any requests for witness statements that he made before during trial. The request will be denied for lack of explanation.

Defendant also asks for transcripts of the jury voir dire and the jury instructions, but these have been provided him. He asks also for transcripts of "any and all Daubert hearings and Rule 16 disclosures." Id. at 2. The record shows no Daubert hearings and it would not show any Rule 16 disclosures, because those are generally made to the defense outside the courtroom. In this case, such disclosures would might have been made prior to trial and would have been made directly to defendant or to his stand-by counsel. In either case, defendant would know about them.

In summary, defendant's motion for disclosure must be denied. He has received copies of all of the transcripts to which he is entitled and he has not identified any documents that he needs for his appeal.

ORDER

IT ORDERED that defendant Scott Bodley's request for transcripts, dkt. #237, is

3

DENIED. Defendant has received all of the transcripts to which he is entitled and he has failed to show that he is entitled to any of the documents he is requesting.

Entered this 24th day of February, 2016.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge