IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                    ORDER

               Plaintiff,

                                                    13-cr-52-bbc

     v.

SCOTT BODLEY,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In the last five months, defendant Scott Bodley has filed three sets of documents captioned as follows: Scott Bodley, the Trust Beneficiary Claimant v. United States of America/U.S.A., Clerk of Court Peter Oppeneer, Judge Barbara B. Crabb, AUSA Daniel Graber, Magistrate Stephen Crocker, IRS/CID Agent Eric Kopp, AUSA Muhish Sharda, Attorney Chris Duren, Attorney Toni Laitsch, 1-1000 John/Jane Does, the Fiduciary trustee defendants. (In one document identified as "Commercial Affidavits/Supplement to Criminal Complaint (Docket #254) Memorandum of Law and Motion to Vacate, defendant asserts additional claims against 1-25 unknown Jurisdictions//Corporations.) In the enclosed "Letter of Instructions," he has directed the clerk of court to forward to the named defendants copies of a "Supplement to Docket 254 (Motion to Vacate Judgment)," a "Notice of Presentment of aTrue Bill, and a "True Bill."

The clerk of court has not taken any action as to any of these documents and will not

1

take any in the future. The documents are nullities for a number of reasons. Bodley has labeled them as being brought under case number 13-cr-52-bbc, but that case number is reserved for the government's criminal case against Bodley. He cannot bring new claims under the heading of the criminal case brought against him. In addition, it is his responsibility to serve persons he wishes to sue and to do so in compliance with the procedures set out in the Federal Rules.

The court will not file or retain any of the so-called papers titled "commercial affidavits of affirmation and notice of presentment of a true bill," "commercial affidavits/supplement to criminal complaint (docket #254) memorandum and motion to vacate," and "commercial affidavit of affirmation and notice of presentment of a true bill" that Bodley has filed with this court under case no. 13-cr-52. None of them have any relationship to the criminal case prosecuted against Bodley as 13-cr-52. However, the court will not dispose of the papers until May 10, 2018. If, before that time, defendant advises the court that he wishes to have the papers returned to him *and* if he provides a money order or check for the cost of the postage, the clerk of court will return the filings to him. If he does not advise the court that he wants the papers back or does not submit a check or money order for the cost of shipping, the papers will be destroyed.

I will direct the clerk of court to route directly to chambers without docketing any further submissions defendant files in this court. If a future submission is understandable and raises a fully developed argument that this court has not already rejected in defendant's previous filings, I will return it to the clerk's office with instructions to docket it as

appropriate. If the submission suffers from the same problems as his recent filings, the document will be placed in a miscellaneous file and given no further consideration.

Entered this 23d day of April, 2018.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge