IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                  Plaintiff,

      v.

SCOTT BODLEY,

                                  Defendant.

OPINION AND ORDER

13-cr-52-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Scott Bodley filed two motions for compassionate release: one in March 2020, dkt. #262, which was denied because he had failed to show that he qualified for immediate release, and a second one filed in April 2020, dkt. #264, seeking reconsideration of the previous order. This second one was denied as moot on the ground that he had already been transferred to a halfway house in Wisconsin. This was an error: defendant had been selected for placement in a halfway house in Wisconsin, but he had not yet been discharged from prison. Dkt. #264.

      On June 25, 2020, defendant filed an appeal from this court's denial of his motion for compassionate release. Dkt. #268. (He filed a second appeal on July 27, 2020, dkt. #275, but later filed a statement asking the court of appeals to dismiss this appeal as unnecessary, which the court of appeals did on August 13, 2020. Dkt. #280.) The court of appeals found that defendant's motion was no longer viable because he was out of prison

1

by the time the district court addressed the motion, but held that the court had erred in characterizing defendant's motion for reconsideration as moot when he had not received the relief he wanted, which was to serve his term of supervised release in Louisiana. The court of appeals returned the matter to the court for further consideration, dkt. #281, because this court could still grant him a change in the location in which he was to serve his supervised release, grant him a change in the terms of his supervised release or end the supervised release altogether. 18 U.S.C. § 3583(e)

In the time since the issue in this case was appealed and decided, defendant has been released from prison and placed in a halfway house in Wisconsin. Before his release, the Bureau of Prisons had worked with him on potential release plans, but had no success in finding an appropriate placement for him. He submitted three different requests to districts but none agreed to take him because he lacked ties to the area and had no support systems to help him make a positive adjustment to supervision. For instance, he suggested he would live in a men's shelter in Birmingham, but the shelter refused to take him when it learned he would be on federal supervision and subject to requirements related to his eventual transition to the community. He next asked to move to the state of New Mexico, but that request was denied because his only release plan was to live in a building that did not rent to convicted felons.

After defendant was released to supervision, he proposed living in the Northern District of Illinois, but that plan was denied because he identified no ties to the district or any positive support systems. His next request was to move to the Western District of

Louisiana. His supervising Wisconsin probation officer followed up on this request, but learned that the district would deny it because defendant had no ties or support systems in the area and the recent natural disasters in the area had strained the office's resources. The probation office continued to work with defendant to find a place for him, housing him in the interim at Rock Valley Community Programs, in Janesville, Wisconsin, where he remains. He says in his latest filing that he is in the Rock County jail, but this may be because he believes he is subject to overly restrictive conditions in Rock Valley Community Programs. Recently, he talked to his probation officer about moving to a home in Viola, Wisconsin. The officer has investigated the new placement and approved it for defendant. Accordingly, it appears that defendant will soon be released to live in Viola, achieving the placement that he wants. Under the circumstances, and after considering the factors in 18 U.S.C. § 3553(a), I am not persuaded that any terms or conditions of defendant's supervised release should be changed at this time.

## ORDER

IT IS ORDERED that defendant Scott Bodley's motion for an alteration in the terms or conditions of his supervised release is DENIED

Entered this 28th day of January, 2021.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge